IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM SEAN DAHL,<br>CHRISTOPHER BRIAN SANDS,<br>and KENNETH E. WOOD, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>MARY MILLER JOHNSTON, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 14-705-SLR<br>)<br>)<br>)<br>) |

**MEMORANDUM**

1. **Introduction**. Plaintiffs[1] William Sean Dahl ("Dahl"), Christopher Brian Sands ("Sands"), and Kenneth E. Wood, Jr. ("Wood") ("plaintiffs"), former or current inmates at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, proceed pro se and have been granted in forma pauperis status.[2] They filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of their constitutional rights.[3] (D.I. 5, 7)

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

---

[1]Plaintiffs Damon O. Smith, Carlton Lewis Cale, and Robert Asbury have been dismissed from the case. (D.I. 30, 37, 38)

[2]Dahl was housed at the HRYCI when the complaint was filed, but has since been transferred to the Philadelphia Federal Detention Center. (D.I. 34)

[3]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiffs proceed pro se, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

2

failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiffs, all of whom are convicted sex offenders, allege that defendants have discriminated against them because they are not allowed to participate in Delaware's Violation of Probation Mental Health Court ("Mental Health Court"). *See* http://courts.delaware.gov/superior/mental_health2.stm (Sept. 9, 2014).

3

In order to be eligible for Mental Health Court, a probationer must not be a sex offender, have any interstate cases running concurrently, or have any pending charges. *Id.*

7. In 2011, Dahl filed a motion for modification of sentence and asked to be placed in the Mental Health Court upon the start of his probation. (D.I. 10, ¶ 10) Defendant Superior Court Judge Mary Miller Johnston ("Judge Johnson") denied the request and advised Dahl that sex offenders are prohibited from accessing the Mental Health Court. Dahl violated his probation in 2013 and alleges that, had he been allowed to participate in the Mental Health Court, he would have received the structure and guidance needed to succeed on probation. (*Id.* at ¶35)

8. Sands appeared before defendant Superior Court Judge Andrea Rocinelli ("Judge Rocinelli") on February 27, 2014 for a violation of probation hearing. The complaint alleges that Judge Rocinelli was aware of Sand's mental health condition, but refused to acknowledge Sands' mental health condition as a contributing factor in his conduct despite overwhelming mitigating circumstances. (*Id.* at ¶ 31) Wood appeared before defendant Superior Court Judge T. Henley Graves ("Judge Graves") in 2008 and was sentenced to rape Third Degree. (*Id.* at ¶ 32) Woods has been diagnosed with mental health disorders. (*Id.* at 33)

9. Also named as defendants are Superior Court Judge Jan R. Jurden ("Judge Jurden"), Attorney General of the State of Delaware Joseph R. Biden, III ("Biden"), and the State of Delaware. The claims against Judge Jurden concern sentences she imposed in the criminal cases of Smith and Cale. (*Id.* at ¶¶ 22, 26) Plaintiffs seek injunctive relief in the form of access to the Mental Health Court, protection from any retribution or prison transfers for filing the complaint, and compensatory damages.

4

10. **Judicial Immunity**. Plaintiffs allege that Judges Johnston, Jurden, Rocinelli, and Graves violated their constitutional rights and discriminated against plaintiffs when they determined that plaintiffs were not eligible to participate in Mental Health Court. "A judicial officer in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority; rather, he [or she] will be subject to liability only when he [or she] has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted). Here the complaint contains no allegations that any of the Superior Court Judges acted outside the scope of their judicial capacity, or in the absence of their jurisdiction.

11. In addition, the injunctive relief requested is not available. The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006). The complaint relies on judicial acts as the basis for the claims of discrimination. The actions taken by each of the named Judges, were actions taken squarely within the judges' official capacity. See e.g., Rose v. York Cnty, __F. App'x__, 2014 WL 3057989, at *3 (3d Cir. 2014); *see also, Stump v. Sparkman,* 435 U.S. 349, 356 (1978) (explaining that judicial immunity extends to alleged actions taken in a judicial capacity, even if any action taken "was in error, was

5

done maliciously, or was in excess of [ ] authority"). Inasmuch as plaintiffs did not allege that a declaratory decree was violated or that declaratory relief was unavailable, their claims for injunctive relief are barred. See Azubuko, 443 F.3d at 304. Therefore, the court will dismiss the claims against the foregoing Judges as they are legally frivolous and the Judges are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).

12. **Personal Involvement**. The complaint names Biden as a defendant, it appears, based upon the position he holds with the State of Delaware. There are no allegations directed towards Biden. With regard to Judge Jurden, in addition to judicial immunity, the claims against her are raised by plaintiffs who have been dismissed from the case.

13. Personal involvement is an essential element of a civil rights action. Sutton v. Rasheed, 323 F.3d 236, 249-250 (3d Cir. 2003). Individual liability can only be imposed if the state actor played an "affirmative part" in the conduct complained of. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence" in the challenged practice. Argueta v. United States Immigration and Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). As discussed, the complaint does not contain any allegations directed towards Biden and the plaintiffs who raise claims against Judge Jurden have been dismissed from the case. Therefore, Biden and Judge Jurden will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

14. **Eleventh Amendment Immunity**. Finally, plaintiffs' claims against the State of Delaware are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished) (citations omitted). The claims will be dismissed on the basis of State of Delaware's Eleventh Amendment immunity pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii) and § 1915A(b)(2).

15. **Conclusion**. For the above reasons, Dahl's motion for permission to correspond with other plaintiffs (D.I. 35) will be denied as moot. In addition, the complaint will be dismissed as frivolous and on the basis of immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2). The court finds amendment futile. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: September 15, 2014